IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| V. | * | |
| | * | NO: 4:03CR00031 SWW |
| | * | |
| THOMAS LANDON FITE | * | |
| | * | |
| | * | |

## ORDER

Before the Court is Defendant's fourth motion requesting a reduced sentence pursuant to Fed. R. Crim. P. 35(b).  In support of his motion, Defendant cites family hardship.  Additionally, he states that due to prison violence, he was housed in administrative segregation, which prevented him from taking anger management classes, and prison officials have failed to supply him with proper medication.  Finally, Defendant states that he has had only limited contact with his family.

The grievances cited by Defendant do not qualify as a basis for a reduction of sentence under Rule 35(b).[1]  Rule 35(b) provides that upon the government's motion, a district court may reduce a sentence if after sentencing, the defendant provided substantial assistance in

---

[1] If Defendant believes that the conditions of his confinement rise to the level of a deprivation of constitutional rights, he can seek relief by filing a complaint under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against the official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

investigating or prosecuting another person.  *See* Fed. R. Crim. P. 35(b)(1).  There is no provision under Rule 35(b) for a motion by a defendant for a reduction of sentence.  *See U.S. v. Vandry*, 214 Fed. Appx. 627, 2007 WL 216291, *1 (8th Cir. July 23, 2002)(citing *United States v. Palmer*, 297 F.3d 760, 768 (8th Cir.2002), *cert. denied*, 123 S.Ct. 943, 154, *cert. denied*, 123 S.Ct. 1309, and *cert. denied*, 123 S.Ct. 1602 (2003)).

To the extent that Defendant argues that the Government should have filed a Rule 35(b) motion, he has failed to make a "substantial threshold showing" that the Government's decision not to file a motion was based on an unconstitutional motive, and the Government's decision is therefore not subject to judicial review. *See United States v. Marks*, 244 F.3d 971, 975 (8th Cir. 2001).

For the reasons stated, Defendant's motion for a reduction of sentence (docket entry #86) is DENIED.

IT IS SO ORDERED THIS 14TH DAY OF JULY, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE